UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
ARNE CONWAY,

        PLAINTIFF,

  -AGAINST-                                     **SUMMONS IN A CIVIL CASE**

THE CITY OF NEW YORK AND POLICE OFFICER
ANTHONY DILEONARDO,

        DEFENDANTS.
------------------------------------------------------------------------------x

To:    The City of New York
       100 Church Street
       New York, New York 10007

       Police Officer Anthony DiLeonardo
       HBB
       Shield # 12951

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's Attorney

       Robin C. Smith, Esq.
       44 Court Street Suite 917
       Brooklyn, New York 11201

an answer to the complaint which is herewith served upon you, within Twenty Days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                    DATE

_____
(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
ARNE CONWAY,

        PLAINTIFF,

  -AGAINST-                                                   **COMPLAINT**

THE CITY OF NEW YORK AND POLICE OFFICER
ANTHONY DILEONARDO,

        DEFENDANTS.
------------------------------------------------------------------------------x

    Plaintiff, Arne Conway, by his attorney, Robin C. Smith Esq. to this verified complaint alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff Arne Conway seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Plaintiff also appends state law claims.

2. On September 4, 2005, Plaintiff was arrested by Defendant New York City Police Officer Anthony DiLeonardo (hereinafter Police Officer DiLeonardo or Defendant DiLeonardo) without probable cause. Plaintiff was attacked by Defendant DiLeonardo, subjected to an unlawful chokehold, sprayed with pepper spray and punched and kicked about the body by Defendant DiLeonardo and other police officers. Plaintiff was held unlawfully against his will for 28 hours.

## JURISDICTION

3. Jurisdiction is conferred upon this court by 28 U.S.C. § 1343 (3) and (4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983, which provides jurisdiction over all cases brought pursuant to the Constitution of the United States. This Court has pendent jurisdiction over Plaintiff's state law claims.

## PARTIES

4. During all times relevant to this action, Plaintiff was and is a resident of the County of Kings, City and State of New York, residing at 111 Bridge Street Apt. 3J, Brooklyn, New York, 11201.

5. During all times relevant to this action, Police Officer DiLeonardo, was a duly appointed and acting officer of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

6. During all times relevant to this action, Defendant City of New York (hereinafter "City"), is a municipal corporation incorporated pursuant to the laws of the City and State of New York and the public employer of Police Officer DiLeonardo.

7. At all times relevant to this action, Defendant City operates the New York City Police Department.

## FACTS

8. On September 4, 2005, at approximately 7:15 p.m., at 111 Bridge Street, in the County of Kings, City and State of New York, without probable cause and without any legal right, Police Officer DiLeonardo, while acting within the scope of his authority, intentionally, wrongfully, unlawfully and maliciously arrested Plaintiff. Police Officer

DiLeonardo struck Plaintiff with his feet and hands and subjected Plaintiff to an unlawful chokehold, sprayed with him with pepper spray, despite being informed Plaintiff was asthmatic and punched and kicked Plaintiff about the body.

9. Plaintiff was at all times acting in a peaceful, unlawful manner and had committed no crime.

10. Police Officer DiLeonardo arrested Plaintiff violently, using excessive force.

11. Although Police Officer DiLeonardo lacked probable cause to arrest Plaintiff, he intentionally assaulted Plaintiff, grabbing, shoving and pushing Plaintiff by his head, and striking Plaintiff in the head and body.

12. Police Officer DiLeonardo's actions caused Plaintiff to become asphyxiated, sustain pain and injury to his eyes, and suffer bruises and lacerations to his face and body.

13. As a result of the assault and violation of his Constitutional Rights, Plaintiff suffers from daily and debilitating pain to his neck in addition to emotional injuries.

14. Police Officer DiLeonardo and the City of New York confined Plaintiff against his will while he was aware of the confinement from September 4, 2005, at 7:15 p.m. to September 5, 2005, at approximately 11:00 p.m.

15. Photographs and fingerprints were taken from Plaintiff.

16. Plaintiff had committed no crime or violation of the law, but was charged with, upon information and belief, resisting arrest.

17. Plaintiff's case was adjourned in contemplation of dismissal.

18. On October 28, 2005, Plaintiff served Defendant City with a Notice of Claim.

19. More than the thirty days have elapsed since serving the Notice of Claim upon Defendant City and said claim has not been paid or adjusted.

### FIRST CAUSE OF ACTION FOR EXCESSIVE FORCE AND ASSAULT AND BATTERY PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT CITY AND POLICE OFFICER DILEONARDO

20. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 19.

21. Police Officer DiLeonardo had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person.

22. Police Officer DiLeonardo's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

23. Police Officer DiLeonardo intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, injuring Plaintiff, and causing him to sustain injury and pain.

24. Police Officer DiLeonardo's conduct in arresting, assaulting and using objectively unreasonable, excessive and unnecessary force against Plaintiff without cause or Plaintiff's consent, abused his power and authority as an employee of the New York City Police Department and under the color of state and/or local law.

25. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to train its police officers to avoid committing assault and battery against arrestees, using excessive force and injuring arrestees, including Police Officer DiLeonardo, thereby failing to adequately discourage further constitutional violations committed by Police Officers, causing Police Officer DiLeonardo to injure Plaintiff while unlawfully arresting Plaintiff.

26. As a result of the above described deliberate choices, policies and customs, police officers employed by Defendant City, including Police Officer DiLeonardo, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

27. The above described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City to the constitutional rights of persons residing within the City of New York, and were the cause of violations of Plaintiff's rights alleged herein.

28. By reason of their acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

29. The conduct of Defendants in this cause of action was so egregious as to be regarded as atrocious and intolerable in a civilized society.

30. As a result of Defendant's conduct, Plaintiff suffered physical injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

31. As a result of Defendant Police Officer DiLeonardo's conduct, Plaintiff has been forced to incur past, present and future medical expenses.

32. As a result of Defendant Police Officer DiLeonardo's conduct, Plaintiff was deprived of his privacy and liberty, has been adversely affected in his employment and in his ordinary life's pursuits and, in addition, was emotionally traumatized and was caused,

permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

33. In addition, the acts of the Defendants were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants should also be required to pay punitive damages to punish it for its reprehensible conduct and to deter it from such conduct in the future, and as an example to others similarly situated.

34. Plaintiff, therefore seeks compensatory damages in this cause of action for past and future medical expenses, pain and suffering for the physical and emotional harm inflicted to him in the sum of One Million ($1,000,000.00) Dollars and the additional and further sum of One Million ($1,000,000.00) Dollars for punitive damages, making a total of Two Million ($2,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

**SECOND CAUSE OF ACTION FOR EXCESSIVE FORCE AND ASSAULT AND BATTERY UNDER NEW YORK STATE LAW AND THE NEW YORK STATE CONSTITUTION AGAINST DEFENDANT CITY AND POLICE OFFICER DILEONARDO**

35. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 34.

36. Police Officer DiLeonardo had no probable cause, nor reasonable belief that probable cause existed, to arrest Plaintiff and seize Plaintiff's person.

37. Police Officer DiLeonardo's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

38. Police Officer DiLeonardo intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, injuring Plaintiff, and causing him to sustain injury and pain.

39. Police Officer DiLeonardo's conduct in arresting, assaulting and using objectively unreasonable, excessive and unnecessary force against Plaintiff without cause or Plaintiff's consent, abused his power and authority as an employee of the New York City Police Department and under the color of state and/or local law.

40. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to train its police officers to avoid committing assault and battery against arrestees, using excessive force and injuring arrestees, including Police Officer DiLeonardo, thereby failing to adequately discourage further constitutional violations committed by Police Officers, causing Police Officer DiLeonardo to injure Plaintiff while unlawfully arresting Plaintiff.

41. As a result of the above described deliberate choices, policies and customs, police officers employed by Defendant City, including Police Officer DiLeonardo, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

42. The above described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City to the

constitutional rights of persons residing within the City of New York, and were the cause of violations of Plaintiff's rights alleged herein.

43. By reason of their acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of Article I § 12 of the New York State Constitution.

44. The conduct of Defendants in this cause of action, heretofore, alleged in this Complaint, was so egregious as to be regarded as atrocious and intolerable in a civilized society.

45. As a result of Defendants conduct, Plaintiff suffered physical injury causing plaintiff to suffer pain and suffering, future pain and suffering, disabling physical symptoms and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

46. As a result of Defendants conduct, Plaintiff has been forced to incur past, present and future medical expenses.

47. As a result of Defendants conduct, Plaintiff was deprived of his liberty and privacy, has been adversely affected in his employment and in his ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life, and which may be permanent.

48. In addition, the acts of Defendants were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that

9

it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants should also be required to pay punitive damages to punish it for its reprehensible conduct and to deter it from such conduct in the future, and as an example to others similarly situated.

49. Plaintiff, therefore, seeks compensatory damages in this cause of action for past and future medical expenses, pain and suffering for the physical and emotional harm inflicted to him in the sum of One Million ($1,000,000.00) Dollars, the further sum of One Million ($1,000,000.00) Dollars for punitive damages making a total of Two Million ($2,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

### THIRD CAUSE OF ACTION FOR FALSE ARREST AND UNLAWFUL IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT CITY AND POLICE OFFICER DILEONARDO

50. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 49.

51. Police Officer DiLeonardo had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person.

52. Police Officer DiLeonardo in arresting Plaintiff without probable cause, nor reasonable belief that probable cause existed, abused his power and authority as an employee of the New York City Police Department and under the color of state and/or local law.

53. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to adequately supervise and train its police officers, including

Police Officer DiLeonardo in a manner to discourage unlawful arrests, causing Police Officer DiLeonardo to arrest Plaintiff without probable cause nor reasonable belief that probable cause existed.

54. As a result of the above described deliberate choices, policies and customs, police officers employed by Defendant City, including Police Officer DiLeonardo, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

55. The above described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City to the constitutional rights of persons residing within the City of New York, and were the cause of violations of Plaintiff's rights alleged herein.

56. By reason of their acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

57. The conduct of Defendants in this cause of action, heretofore, alleged in this Complaint, was so egregious as to be regarded as atrocious and intolerable in a civilized society.

58. As a result of Defendants conduct, Plaintiff suffered physical injury causing plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms and economic injuries.  All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life

59. As a result of Defendants conduct, Plaintiff has been forced to incur past, present and future medical expenses.

60. As a result of Defendants conduct, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in his employment and in his ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

61.   In addition, the acts of the Defendants were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants should also be required to pay punitive damages to punish it for its reprehensible conduct and to deter it from such conduct in the future, and as an example to others similarly situated.

62. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for past and future medical expenses, pain and suffering for the physical and emotional harm inflicted to him in the sum of One Million ($1,000,000.00) Dollars and the additional and further sum of One Million ($1,000,000.00) Dollars for punitive damages making a total of Two Million ($2,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

## FOURTH CAUSE OF ACTION FOR FALSE ARREST IN VIOLATION OF NEW YORK STATE LAW AND THE NEW YORK STATE CONSTITUTION AGAINST DEFENDANT CITY AND POLICE OFFICER DILEONARDO

63. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 62.

64. Police Officer DiLeonardo had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person.

65. Police Officer DiLeonardo in arresting Plaintiff without probable cause, nor reasonable belief that probable cause existed, abused their power and authority as employees of the New York City Police Department and under the color of state and/or local law.

66. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to adequately supervise and train its police officers, including Police Officer DiLeonardo in a manner to discourage unlawful arrests, causing Police Officer DiLeonardo to arrest Plaintiff without probable cause nor reasonable belief that probable cause existed.

67. As a result of the above described deliberate choices, policies and customs, police officers employed by Defendant City, including Police Officer DiLeonardo, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

68. The above described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City to the constitutional rights of persons residing within the City of New York, and were the cause of violations of Plaintiff's rights alleged herein.

69. By reason of their acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of Article I § 12 of the New York State Constitution.

70. The conduct of Defendants in this cause of action, heretofore, alleged in this Complaint, was so egregious as to be regarded as atrocious and intolerable in a civilized society.

71. As a result of Defendants conduct, Plaintiff suffered physical injury causing plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

72. As a result of Defendants conduct, Plaintiff has been forced to incur past, present and future medical expenses.

73. As a result of Defendants conduct, Plaintiff has been adversely affected in his employment and in his ordinary life's pursuits.

74. As a result of Defendants conduct, Plaintiff was deprived of his privacy and liberty, and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

75. In addition, the acts of the Defendants were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in

addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants should also be required to pay punitive damages to punish it for its reprehensible conduct and to deter it from such conduct in the future, and as an example to others similarly situated.

76. Plaintiff, therefore, seeks compensatory damages in this cause of action for past and future medical expenses, pain and suffering for the physical and emotional harm inflicted to him in the sum of One Million ($1,000,000.00) Dollars and the additional and further sum of One Million ($2,000,000.00) Dollars for punitive damages making a total of Two Million ($2,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

WHEREFORE, judgment is demanded:

On Plaintiff's First Cause Of Action against Defendants for damages in the amount of One Million ($1,000,000.00) Dollars and the additional and further sum of One Million ($2,000,000.00) Dollars for punitive damages making a total of Two Million ($2,000,000.00) Dollars;

On Plaintiff's Second Cause Of Action against Defendants for damages in the amount of One Million ($1,000,000.00) Dollars and the additional and further sum of One Million ($2,000,000.00) Dollars for punitive damages making a total of Two Million ($2,000,000.00) Dollars;

On Plaintiff's Third Cause Of Action against Defendants for damages in the amount of One Million ($1,000,000.00) Dollars and the additional and further sum of One Million ($2,000,000.00) Dollars for punitive damages making a total of Two Million ($2,000,000.00) Dollars;

On Plaintiff's Fourth Cause Of Action against Defendants for damages in the amount of One Million ($1,000,000.00) Dollars and the additional and further sum of One Million ($2,000,000.00) Dollars for punitive damages making a total of Two Million ($2,000,000.00) Dollars;

Together with reasonable counsel fees, the costs and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: Brooklyn, New York
　　　　December 14, 2005

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Robin C. Smith
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　　　　44 Court Street, Suite 917
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Brooklyn, New York 11201
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(718) 403-9599

STATE OF NEW YORK
COUNTY OF KINGS

      Arne Conway being duly sworn does depose and say: He is the Plaintiff in the captioned action; has read the foregoing Complaint and knows its contents and, as to allegations supporting his claim the same is true to his knowledge except as to matters alleged on information and belief and as to those allegations he believes them to be true. The sources of information and bases for her belief include information in possession or under the custody and control of Defendants.

_____
Arne Conway

Sworn to before me
this \_\_\_ day of _____, 2005

_____
Notary Public

*NY CLS Const Art I, § 12*

NEW YORK CONSOLIDATED LAWS SERVICES
Copyright (c) 2001, LEXIS Law Publishing, a division of Reed Elsevier

*** THIS SECTION IS CURRENT THROUGH CH. 6, 03/12/2001 ***

THE CONSTITUTION OF THE STATE OF NEW YORK
ARTICLE I.  BILL OF RIGHTS

♦ **GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

NY CLS Const Art I, § 12 (2001)

§ 12. [Security against unreasonable searches, seizures and interceptions]

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The right of the people to be secure against unreasonable interception of telephone and telegraph communications shall not be violated, and ex parte orders or warrants shall issue only upon oath or affirmation that there is reasonable ground to believe that evidence of crime may be thus obtained, and identifying the particular means of communication, and particularly describing the person or persons whose communications are to be intercepted and the purpose thereof.

**HISTORY:**

Add, 1938, eff Jan 1, 1939.

Former § 12, add 1894, with substance transferred from 1846, art 1, § 13; repealed, 1938, eff Jan 1, 1939.