

**THE CITY OF NEW YORK**

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

**Prathyusha Reddy**
*Assistant Corporation Counsel*
(212) 788-0963
Fax: (212) 788-9776
preddy@law.nyc.gov

March 9, 2006



**BY HAND**
The Honorable Barbara S. Jones
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    Arne Conway v. City of New York, et al., 06 CV 0335 (BSJ)(DFE)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for defendant City of New York. I write with regard to the above-referenced matter. Defendant City respectfully requests that its time to answer or otherwise respond to the complaint be extended from the current due date of March 14, 2006 to May 15, 2006. Plaintiff's attorney, Ms. Robin Smith, consents to this enlargement of time.

      By way of background, plaintiff alleges, *inter alia*, that on or about September 4, 2005, he was arrested without probable cause. Plaintiff further alleges that he was subjected to excessive force by police officers. We seek an extension because, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint, properly assess the case, and respond on behalf of the defendant City. In addition, it is our understanding that the records of plaintiff's underlying criminal action, including police records, were sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office has forwarded to plaintiff for execution, consents and authorizations for release of those sealed records. In addition, because plaintiff has alleged physical injury as a result of the events complained of, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident. The consents and authorizations for release of plaintiff's sealed records along with the relevant medical records will allow defendant City to properly assess the case and respond to the complaint.

      Furthermore, upon information and belief, and a review of the docket sheet, the named individual officer defendant has not been served in this matter. Therefore, should the

Court grant this enlargement, it should allow plaintiff time to serve the individual defendant.  If timely served, it may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal Law, and based upon a review of the facts of the case, whether we may represent him.  *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985)(quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)(decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

No previous request for an extension of time has been made by defendant City. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to May 15, 2006.

Thank you for your consideration herein.

Sincerely,

Prathi Reddy (PR 5579)
Assistant Corporation Counsel

cc:   **BY FAX (718) 403-9501**
Robin Smith, Esq.
Attorney for plaintiff
44 Court Street, Suite 917
Brooklyn, NY 11201

SO ORDERED
Dated:
S. JONES
U.S.D.J.

$3/10/06$