MAY 4 2006

**THE CITY OF NEW YORK**

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

PRATHYUSHA REDDY
*Assistant Corporation Counsel*
(212) 788-0963
Fax: (212) 788-9776

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/06

May 4, 2006

**BY FACSIMILE (212) 805-6181**
The Honorable Douglas F. Eaton
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Arne Conway v. City of New York, et al., 06 CV 0335 (BSJ)(DFE)

Your Honor:

*[Handwritten note:]* 5/5/06 — Extend the deadline for a response to the complaint until 30 days after the City receives plaintiff's CPL 160.50 release and release of medical records. Douglas F. Eaton

COPIES MAILED TO COUNSEL OF RECORD 5/5/06

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for defendant City of New York in the above-referenced matter. I am writing to respectfully request a thirty (30) day enlargement of time to respond to the complaint from the time defendant City receives plaintiff's release. Defendant City of New York's answer is currently due by May 15, 2006. Plaintiff's counsel, Ms. Robin Smith, has consented to this request. This is the City's second request for an enlargement of time to respond to the complaint, and the City's first request for an adjournment of an initial conference in this action.

By way of background, plaintiff alleges, *inter alia*, that on or about September 4, 2005, he was arrested without probable cause. Plaintiff further alleges that he was subjected to excessive force by police officers.

Given the allegations of false arrest and excessive force, on March 3, 2006 and March 31, 2006, this office forward to plaintiff, consents and authorizations for the release of plaintiff's records that were sealed pursuant to New York Criminal Procedure Law § 160.50. In addition, because plaintiff has alleged physical injury as a result of the events complained of, this office also forwarded to plaintiff for execution a consent and authorization for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident.

To date, plaintiff has not returned either a signed consent and authorization for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50, or authorization of the release of medical records. The executed releases are necessary for our office to obtain the District Attorney, Criminal Court and police records pertaining to

plaintiffs' underlying arrests and prosecutions, as well as relevant medical records. Without these releases, this office cannot comply with our obligations under Rule 11 of the Federal Rules of Civil Procedure; specifically, we cannot make a good faith response to plaintiff's complaint based on the information we have at this time.

Plaintiff's counsel indicated today that she is in possession of blank releases and should be able to execute them and provide them to our office within the next week and a half. In view of the foregoing, it is respectfully requested that defendant City of New York's response to the complaint be extended to thirty (30) days from the time of receipt of these releases.

I thank the Court in advance for its consideration in this regard.

Respectfully submitted,

Prathi Reddy (PR5579)
Assistant Corporation Counsel
Special Federal Litigation

cc: **BY FACSIMILE (718) 403-9501**
Robin Smith, Esq.
Attorney for plaintiff