UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ARNE CONWAY,

                                      Plaintiff,

                -against-

THE CITY OF NEW YORK AND POLICE OFFICER
ANTHONY DILEONARDO,

                                   Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND P.O. DILEONARDO**

06 Civ. 335 (BSJ)(DFE)

Jury Trial Demanded

------------------------------------------------------------------ x

        Defendants City of New York and Officer Anthony DiLeonardo, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that Anthony DiLeonardo is employed by the New York City Police Department and state that the allegations that Defendant DiLeonardo was "acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New

York and/or the City of New York" are conclusions of law rather than averments of fact to which no response is required.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the state of New York, and that the City of New York employs Anthony DiLeonardo.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York maintains a police department and refer plaintiff to the NYC Charter and Administrative Code for a recitation of the relationship between defendant City and the NYPD.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that on September 4, 2005, plaintiff was arrested.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "21" of the complaint, except admit that more than thirty days have elapsed since a document purporting to be a Notice of Claim was received by the New York City Office of the Comptroller and that such claim has not settled.

20. In response to paragraph "20 of the complaint, defendants repeat and reallege paragraphs "1" through "19" of this answer as though fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to paragraph "35 of the complaint, defendants repeat and reallege paragraphs "1" through "34" of this answer as though fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

- 4 -

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to paragraph "50 of the complaint, defendants repeat and reallege paragraphs "1" through "49" of this answer as though fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to paragraph "63 of the complaint, defendants repeat and reallege paragraphs "1" through "62" of this answer as though fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

77. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

78.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

79.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

80.     Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

81.     There was probable cause for plaintiff's arrest, detention and/or prosecution.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

82.     Plaintiff provoked any incident.

**AS FOR A SEVENTH AFFIRMATIVE DEFENSE**

83.     Plaintiff has failed to comply with conditions precedent to suit under state law.

**AS FOR AN EIGHTH AFFIRMATIVE DEFENSE**

84.     Defendant DiLeonardo has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS FOR A NINTH AFFIRMATIVE DEFENSE

85.  To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS FOR A TENTH AFFIRMATIVE DEFENSE

86.  To the extent applicable, there was reasonable suspicion to stop and detain plaintiff.

**WHEREFORE,** defendants City of New York and Anthony DiLeonardo request judgment dismissing the Complaint, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 10, 2006

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants City of New York and DiLeonardo

                              100 Church Street
                              New York, New York 10007
                              (212) 788-0963

By: _____
     Prathyusha Reddy (PR 5579)
     Assistant Corporation Counsel
     Special Federal Litigation Division

To:   **Via ECF and First Class Mail**

      Robin C. Smith, Esq.
      44 Court Street, Suite 917
      Brooklyn, New York 11201

Docket No. 06 Civ. 335 (BSJ)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ARNE CONWAY,<br><br>                                                Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK AND OPLICE OFFICER ANTHONY DILEONARDO,<br><br>                                                Defendants. |
| **ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND DILEONARDO** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Prathyusha*<br>*Tel:  (212) 788-0963* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ........................................,2006*<br><br>*........................................................... Esq.*<br><br>*Attorney for .......................................................* |